UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ALMANETTE MARTIN,

                          Plaintiff,                      ORDER ADOPTING
                                                  REPORT & RECOMMENDATION
     - against -                                 07-CV-1485 (RRM)(LB)

QUEENS COUNTY CIVIL COURT and NEW
YORK STATE OFFICE OF COURT
ADMINISTRATION,

                        Defendants.
----------------------------------------------------X
MAUSKOPF, United States District Judge.

*Pro se* Plaintiff Almanette Martin commenced the instant action alleging various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. Pursuant to this Court's authority under 28 U.S.C. § 636(b), that motion was respectfully referred to Magistrate Judge Lois Bloom for report and recommendation ("R&R"), which R&R issued on July 23, 2009 [docket entry 46]. Despite an extended opportunity to file valid objections, Martin failed to do so in a manner compliant with Federal Rule of Civil Procedure 72(b)(2), as she must.[1] Notwithstanding Plaintiff's failure to raise proper and valid objections, however, this Court has reviewed *de novo* the underlying legal and factual matters.

---

[1] Although this Court is in receipt of Martin's "Objection" to the R&R [docket entry 48], that Objection is unspecified in that it improperly states a one sentence generalized objection to the "entirety" of the Magistrate Judge's 30-page R&R. As such, Martin's Objection fails to comply with the express requirements set forth in Federal Rule of Civil Procedure 72(b)(2), which rule requires "*specific* written objections." Fed. R. Civ. P. 72(b)(2) (emphasis added). While this Court is mindful of Martin's *pro se* status, that status does not excuse her failure to comport with the requirements for filing proper objections. *See Forsberg v. Always Consulting, Inc.*, 2008 WL 5449003, *4 (S.D.N.Y. Dec. 31, 2008). Martin had proper notice of the requirements for filing objections, as specifically set forth in the R&R. Moreover, this Court notes that Martin was granted a substantial extension of time in which to properly prepare her Objection, *see* August 12, 2009 electronic order. Martin's Objection is therefore deemed waived.

Upon a considered and independent review, this Court finds Martin's claims to be without merit for the same reasons set forth in the Magistrate Judge's well-reasoned R&R, the articulation of which this Court now adopts as its own. Accordingly, Defendants' motion for summary judgment is GRANTED and all of Plaintiff's claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, are hereby DISMISSED.

Further, Martin's request for leave to amend her Complaint is DENIED. "Denial of leave to amend is appropriate where there is a reason to do so, such as bad faith or dilatory motive, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The decision is left to the district court's discretion, which may be exercised more exactingly when the motion to amend the complaint is filed after judgment has been entered. *See State Trading Corp. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (concluding that district court did not abuse discretion by denying leave to amend complaint after summary judgment had been granted).

Discovery in this matter closed December 5, 2007, nearly two years ago. Martin has thus had a full and fair opportunity to explore factual matters that might support re-pleading, but has failed, until now, to seek such relief. Indeed, Martin's 6-page letter in opposition to Defendants' request for leave to file summary judgment, dated February 28, 2008 [docket entry 14], which opposition was denied [docket entry 15], did not request leave to amend as a response to summary judgment. Instead, Martin opposed summary judgment on the merits. Only now, in response to complete dismissal of her claims on the merits, does Martin's belatedly seek leave to amend – although she offers no legal or factual basis to support that request. In light of the

resulting prejudice to Defendants, coupled with the absence of any grounds for such leave, Martin's request for leave to amend is DENIED.

## CONCLUSION

In light of the above, Magistrate Judge Bloom's R&R is adopted in its entirety; Defendants' motion for summary judgment is GRANTED, and all of Plaintiff's claims are hereby DISMISSED. Martin's request for leave to amend her Complaint is DENIED. The Clerk of Court is respectfully directed to enter judgment consistent with this Order, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
October 27, 2009

ROSLYNN R. MAUSKOPF
United States District Judge